UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| LESLIE FRAZIER, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO.: 4:17-CV-38-HAB |
| ANDREW SAUL, Acting Commissioner of Social Security, | |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff Leslie Frazier seeks review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Plaintiff alleges that she has been disabled since February 10, 2008, due to two spinal fusion surgeries, asthma, anxiety, and arthritis in her hips, rib cage, and lower back. In addition, Plaintiff asserts that she suffers from severe, chronic, and debilitating migraines several times a month.

**ANALYSIS**

**A.     Standard of Review**

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630,

633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of [his] reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**B.     The ALJ's Decision**

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a); *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 10, 2008, the alleged onset date. At step two, the ALJ found that Plaintiff had the severe impairment of degenerative disc disease status post-surgery,

3

anxiety, and adjustment disorder. The ALJ determined that Plaintiff's medically determinable impairments of asthma, hip pain, migraines, carpal tunnel syndrome, and obesity were non-severe.

At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (R. 18.) At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work as defined in 20 C.F.R. § 404.1567(b), which the regulations characterize as light work. However, she was limited to standing for two hours and sitting for six hours in an eight-hour day, could occasionally climb stairs, stoop balance, kneel, reach overhead with the bilateral extremities, crouch, and crawl. She could never climb ladders, and could only have occasional exposure to hazards, including heights and moving parts. The ALJ found that Plaintiff could "complete simple, rout[in]e tasks and with only occasional change in a routine work setting and occasional interaction with the public." (R. 20.)

Based on the above RFC, the ALJ found that Plaintiff was unable to perform her past relevant work as a funeral attendant, but that she could, considering her age, education, and work experience, perform other jobs that existed in significant numbers in the national economy. Thus, he found that she was not disabled.

## C. Residual Functional Capacity and Limitations in Concentration, Persistence, and Pace

One of the errors Plaintiff identifies in the ALJ's decision is that the residual functional capacity (RFC), and the resulting hypothetical to the vocational expert (VE),

4

did not adequately account for her moderate limitations in concentration, persistence, and pace. Plaintiff argues that it was not adequate to limit her to simple, routine, tasks with only occasional change in the work setting and occasional interaction with the public.

Plaintiff's argument finds support in the Seventh Circuit's caselaw, which "emphasizes that both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record,' including even moderate limitations in concentration, persistence, or pace." *Crump v. Saul*, — F.3d —, No. 18-3491, 2019 WL 3451276, at *3 (7th Cir. July 31, 2019) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). Here, the ALJ seemed to recognize Plaintiff's difficulty with concentration, persistence, and pace. (R. 19–20.) The ALJ acknowledged that Plaintiff "tested at low average memory and concentration." (R. 19.) He concluded, based on this testing and other evidence in the record, that "her functional abilities are not severely impaired which is supportive of a moderate level of difficulty with concentration, persistence or pace." (R. 20.) Although this was the ALJ's finding at step three, which is not intended to be an RFC assessment, SSR 96-8p, the ALJ was still required to provide a more detailed assessment of Plaintiff's RFC for use at steps four and five.

In connection with the step four analysis, the ALJ again referenced Plaintiff's memory and concentration as being in the low average range. However, the ALJ did not further articulate how Plaintiff's functioning was impacted, such as whether she would be able to maintain attention and concentration for extended periods, or perform at a

consistent pace without an unreasonable number and length of rest periods. Instead, in both the RFC and the hypothetical to the VE, the ALJ limited Plaintiff to simple, routine tasks, and occasional changes in the work setting. It is not clear whether the ALJ intended these limitations to be an accommodation for Plaintiff's low average memory and concentration.

On appeal, Defendant takes the position that these restrictions adequately incorporated all the Plaintiff's limitations because the ALJ cited evidence that suggested Plaintiff could perform simple tasks for sustained periods. In particular, the ALJ commented on Plaintiff's performance of simple daily tasks, her husband's report that she could pay attention and follow instructions, and her work as a personal care aid for a 90-year-old woman. But "observing that a person can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift." *Crump,* 2019 WL 3451276, at *3. This statement is as true here as it was in *Crump*. None of the activities the ALJ cited were performed on a sustained basis, much less over the course of eight hours.

Moreover, describing tasks as "simple, routine, and repetitive" refers to "unskilled work" that can be learned by demonstration in less than thirty days, 29 C.F.R. § 404.1520, which is unrelated to whether a person with limitations in concentration, persistence, and pace "can perform such work." *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015); *see also O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) ("The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity."). The ALJ's decision does not provide a logical bridge between a

6

finding that Plaintiff had memory and concentration in the low average range and an RFC and hypothetical to the VE that addresses only the time it takes to learn a task.

Adding the limitation for occasional changes in a routine work setting does not, as Defendant argues, distinguish this case from others that the Seventh Circuit has remanded. *See Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018) (finding that hypothetical to VE for individual who "can understand, remember, and carry out simple work instructions," can "exercise simple work place judgments," is "limited to routine work," and can have "no more than occasional changes in the work setting . . . did not account explicitly for [claimant's] moderate limitations in concentration, persistence, and pace"); *Varga*, 794 F.3d at 815 ("'Few if any work place changes' with limited 'interaction with coworkers or supervisors' deals largely with workplace adaptation, rather than concentration, pace, or persistence.")

**D.     Residual Functional Capacity—Migraine Headaches**

Plaintiff argues that the ALJ erroneously found, at step two, that her migraine headaches are a non-severe impairment. Additionally, she submits that it was error not to include any limitations for her headaches in the RFC.

The Court can proceed directly to the RFC analysis because the step two requirement of severity is "merely a threshold requirement." *Hickman v. Apfel*, 187 F.3d 683, 688 (7th Cir. 1999); *see also Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010) (same). The ALJ identified other impairments that were severe, so the determination about her migraines at Step 2 was "of no consequence with respect to the outcome of the case.

7

Because the ALJ recognized numerous other severe impairments, he was obligated to proceed with the evaluation process." *Castile*, 617 F.3d at 927.

Although the ALJ's decision contains a lengthy recitation of the medical evidence, as well as other evidence in the record, it does not reflect any consideration of whether Plaintiff's migraines caused functional limitations that required accommodation within the RFC. Defendant has offered no defense of this exclusion, other than to argue that the ALJ properly found, at step two, that the migraine headaches were not a severe impairment. This argument wholly fails to acknowledge that an ALJ must "consider the limitations imposed by all impairments, severe and non-severe." *Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019); 20 C.F.R. § 404.1523. The duty to analyze non-severe impairments in formulating a claimant's RFC to be used at steps four and five is fundamental to the disability programs under the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 150-51 (1987) (emphasizing duty of Commissioner, when there is at least one severe impairment, to "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity") (quoting 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(F) (1982 ed. and Supp. III)).

"A failure to fully consider the impact of non-severe impairments requires reversal." *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010) (citing *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003)). Thus, it matters not that the ALJ found that Plaintiff's migraines, in isolation, were not a severe impairment. *Golembiewski*, 322 F.3d at 918 (noting that ALJ's must consider the aggregate effect of impairments). Remand is required.

E.    **June 6, 2015, Opinion of Pain Management Specialist**

It appears that, due to an administrative error, the June 6, 2015, opinion from Plaintiff's treating physician was not incorporated into the record when it was received. Thus, the ALJ did not have access to the opinion and did not consider it. Defendant asserts that this does not warrant remand because the Appeals Council considered it, and because the ALJ considered another, less restrictive, opinion from the same doctor. Defendant argues that the ALJ adequately explained why he assigned the opinion only some weight, and those same reasons would apply to the later, more restrictive, opinion.

Because the Court is remanding to the Commissioner for further proceedings, it need not belabor the parties' arguments with respect to the June 2015 opinion. The ALJ will have an opportunity to consider the opinion on remand.

## CONCLUSION

For the reasons stated above, the Court REVERSES the Commissioner's decision and REMANDS for further proceedings consistent with this Opinion.

SO ORDERED on August 23, 2019.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT